United States District Court
Southern District of Texas
FILED

OCT - 5 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas
**ENTERED**
October 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GUILLERMO CARLOS CRUZ | § |
| | § CIVIL ACTION NO. 7:19-CV-394 |
| VS. | § |
| | § CRIM. ACTION NO. 7:13-CR-306-1 |
| GEORGE CASTANERA | § |

## REPORT AND RECOMMENDATION

Petitioner Guillermo Carlos Cruz, a federal prisoner proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) Although Petitioner does not enumerate any specific claims in his petition, he makes clear that he is challenging what he believes to be a "clear error in the calculation of [his] sentence." (*Id.* at 10.) At the time Petitioner filed his § 2241 petition, he was—and still is—incarcerated at the Big Spring (Flightline) FCI, which is located within the Northern District of Texas. For the reasons explained below, because jurisdiction in the Southern District of Texas is improper, the undersigned recommends that this action be transferred to the Abilene Division of the Northern District of Texas.

### I. BACKGROUND

**A.     The Underlying Criminal Charge and Proceedings[1]**

On August 30, 2012, investigators with the Pharr, Texas, Police Department Special Investigation Unit executed a search warrant at Petitioner's home based on information they received that Petitioner was selling cocaine out of his residence. The search resulted in the discovery of 147.1 grams of cocaine. Several months later, on February 14, 2013, an undercover DEA agent negotiated the sale of one kilogram of cocaine with Petitioner. After examining the

---

[1] The facts in this section are drawn principally from Petitioner's Presentence Investigation Report (PSR). (Cr. Docket No. 45.)

cocaine, the DEA agent obtained and executed an arrest warrant for Petitioner and another search warrant for his residence. The search resulted in the seizure of the one kilogram of cocaine, along with another eight clear plastic baggies containing an additional 1.62 kilograms of cocaine, and $2,910 in U.S. currency. Petitioner's role in the drug trafficking conspiracy was determined "to be that of a broker who received a bundle of cocaine at this residence from an unindicted co-conspirator in order to negotiate the drug transaction with the undercover agent." (Cr. Docket No. 45, ¶ 17.)

On March 6, 2013, a two-count indictment was filed in the Southern District of Texas, McAllen Division, charging Petitioner with conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (Count One), and possession with intent to distribute approximately 1 kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2 (Count Two). Petitioner later pleaded guilty to Count Two of the indictment pursuant to a plea agreement. (Cr. Docket No. 39.) After accepting Petitioner's guilty plea, the District Court ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

The PSR calculated Petitioner's total offense level at 26, which included an enhancement because Petitioner utilized his residence for the purpose of distributing the cocaine. (Cr. Docket No. 45, ¶ 24, 25, 32.) The PSR calculated his criminal history at level III,[2] which resulted in a Guidelines imprisonment range of 78 to 97 months. Ultimately, the Court sentenced Petitioner to 75 months imprisonment, after granting him the full three-point credit for acceptance of responsibility. (Cr. Docket No. 59, at 1.)

---

[2] Petitioner's criminal history included a felony conviction for attempted aggravated robbery. (Cr. Docket No. 45, ¶ 35.)

Petitioner subsequently filed the pending § 2241 action.

**B.  Petitioner's § 2241 Claim**

In his § 2241 petition, Petitioner challenges the calculation of his sentence. (Docket No. 1, ¶ 5.) Specifically, he contends that he was arrested and charged for the same offense by both "state officials" and the federal authorities. (*Id.* at 10.) He argues that this has resulted in "a clear error in the calculation of [his] sentence." (*Id.*)

## II. ANALYSIS

Before analyzing Petitioner's claim, the Court must first determine whether it has jurisdiction to address Petitioner's § 2241 petition and the authority to grant the relief he seeks. *See Fain v. Duff*, 488 F.2d 218, 221 (5th Cir. 1973) (in all cases in federal court, "the first question to which we must address ourselves is that of jurisdiction provided by a statute"); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district court must have jurisdiction to consider the merits) (citing *Solsona v. Warden*, 821 F.2d 1129, 1132 n.2 (5th Cir. 1987) ("[W]e raise *sua sponte* the question of the district court's jurisdiction")). A habeas petition under § 2241 is the proper vehicle for a prisoner to challenge the execution of his sentence, whereas a motion pursuant to § 2255 is used to challenge errors that occurred at or before sentencing. *See, e.g., Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (stating that § 2255 is the primary means of collaterally attacking a federal sentence, while § 2241 is used to attack the manner in which a sentence is executed); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (stating that § 2255 is the appropriate remedy for errors that occurred at or prior to the sentencing).

Petitioner does not allege that the District Court erred at sentencing, nor does he challenge the validity of his federal conviction. Instead, Petitioner challenges "[h]ow [his] sentence is being carried out, calculated, or credited by prison or parole authorities," arguing that there has been "a

3

clear error in the calculation of [his] sentence." (Docket No. 1, at 2, 10.) Such a claim is an attack on the execution of his sentence, which is an appropriate claim in a § 2241 action. *See Leal v. Tombone*, 341 F.3d 427, 428-29 (5th Cir. 2003) (holding that § 2241 is the appropriate vehicle to challenge the BOP's decision regarding crediting a federal sentence with time spent in state custody). So far, so good.

It is well established that § 2241 claims must be filed in the district where the prisoner is being confined. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("we have firmly stated that the district of incarceration is the only district which has jurisdiction to entertain a defendant's § 2241 petition"); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (same). "[J]urisdiction over [a] habeas corpus petition attache[s] at the time of filing." *Id.* at 375 n.5 (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed[.]") and *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief.")).

Petitioner was convicted and sentenced in the McAllen Division of the Southern District of Texas. However, at the time Petitioner filed this action, he was incarcerated at the Big Spring (Flightline) FCI federal prison in Big Spring, Texas, which is located within the Abilene Division of the Northern District of Texas. 28 U.S.C. § 124(a)(3). As such, jurisdiction is only proper in the Abilene Division of the Northern District of Texas, and Petitioner's § 2241 action should be transferred there. *Lee*, 244 F.3d at 373 ("we have firmly stated that the district of incarceration is the only district which has jurisdiction to entertain a defendant's § 2241 petition"); *see* 28 U.S.C. § 1631.[3]

---

[3] Section 1631 provides, in relevant part:

4

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be transferred to the Abilene Division of the Northern District of Texas. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[4]

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 5, 2020.

/s/ Peter E. Ormsby
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE

---

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

28 U.S.C. § 1631.

[4] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal." *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).